| | | |
|---|---|---|
| **JEROME MORGAN, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED** | * | **NO. 2024-CA-0714** |
| | * | **COURT OF APPEAL** |
| | * | **FOURTH CIRCUIT** |
| **VERSUS** | | |
| | * | **STATE OF LOUISIANA** |
| **BLAIR'S BAIL BONDS, INC., BANKERS INSURANCE COMPANY, INC.** | * | |
| | * | |

\* \* \* \* \* \* \*

**LOBRANO, J., DISSENTS WITH REASONS**

I respectfully dissent. The majority affirms the district court's judgment sustaining the exception of no right of action in favor of Blair's Bail Bonds, Inc. and Bankers Insurance Company, Inc. ("Defendants") and denies the plaintiff, Jerome Morgan ("Morgan"), the opportunity to challenge the constitutionality of Act 54. I find that the majority decision is both legally incorrect and raises serious concerns about the judiciary's constitutional role.

This case arises from an undisputed statutory violation by Defendants whereby Morgan and others were charged a 13% bail bond premium in Orleans Parish, despite La. R.S. 22:1443 capping the rate at 12%. On February 20, 2019, the Louisiana Insurance Commissioner issued Directive 214, requiring those overcharges to be refunded. Morgan, asserting his accrued right to repayment, sought declaratory relief under that Directive.

In response to this regulatory enforcement, the Legislature passed Act 54 (effective August 1, 2019), which retroactively eliminated the obligation to refund those overcharges and immunized the industry from liability, specifically and only in Orleans Parish. This legislative retroactive action retroactively nullified Morgan of a statutory and regulatory accrued right.

1

Moreover, Morgan was left with no remedy due to the peculiar procedural posture of the case. Morgan was denied access to justice through the following circular procedural trap: first, he was told his refund claim must be resolved administratively, then told the administrative remedy was moot because the Legislature had retroactively eliminated the right to a refund by Act 54, and finally told he lacked a right of action to challenge that very legislative act. Each path to relief was closed off not by an adjudication on the merits, but by a shifting of procedural posture that foreclosed substantive review.

The majority contends that no justiciable controversy remains because Morgan's refund claim was dismissed by prior rulings. But that dismissal occurred after the Legislature passed Act 54, which retroactively nullified Morgan's statutory entitlement. In essence, the majority finds that because the Legislature eliminated the legal foundation of Morgan's claim, the courts are now barred from reviewing the constitutionality of that elimination. That reasoning undermines the core function of judicial review.

The majority concludes that this deprivation created no justiciable controversy and that Morgan has no right of action to challenge the constitutionality of Act 54. I disagree. A statute that retroactively extinguishes an accrued right, such as in this case, the right to a refund under Directive 214 and La. R.S. 22:855, implicates core due process and equal protection concerns. It is precisely the kind of governmental action that is subject to judicial review.

In *Bienvenu v. Defendant 1*, 23-1194 (La. 6/12/24), 386 So.3d 280, 290 (on rehearing), the Louisiana Supreme Court recently upheld the Legislature's power to revive prescribed claims of childhood sexual abuse. Although the Court ultimately sided with the Legislature in that case, the path it took was important. The Court carefully scrutinized the legislative action, weighed the competing

equities, and reaffirmed the judiciary's role in safeguarding constitutional rights even against acts of the Legislature.

Particularly, the *Bienvenu* court affirmed the courts' authority to assess whether the Legislature could revive long-expired claims. Morgan's case is even more compelling to support judicial review. Unlike in *Bienvenu*, where the Legislature revived long-prescribed claims, Morgan's claim was viable until the Legislature retroactively foreclosed it. If review was required in the former, it is indispensable in the latter. *Bienvenu* makes clear that courts must not abdicate their duty merely because the Legislature acts retroactively. The proper question is not whether the Legislature acted, but whether it did so within constitutional bounds.

Louisiana's Declaratory Judgment Act was drafted to allow courts to resolve exactly this kind of controversy. La. C.C.P. art. 1871 allows courts to declare the "rights, status, and other legal relations" of parties "whether or not further relief is or could be claimed." Morgan's petition for declaratory relief under this provision presents a valid, ripe, and justiciable controversy as to whether Act 54 unlawfully deprived him and others of the right to refunds for illegal overcharges.

The majority misapplies the jurisprudence surrounding "justiciability" and "right of action" by treating this litigation as an abstract dispute. It is not. Morgan paid an illegal premium. Directive 214 entitled him to a refund. The Legislature then passed Act 54 to bar that remedy after the fact. Morgan's claims are not speculative grievances but present concrete injuries that raise legitimate constitutional questions.

In *Bienvenu*, the Court emphasized that justice sometimes demands allowing old claims to be revived in order to vindicate victims' rights. The same logic must apply in reverse. When the Legislature extinguishes rights that were legally enforceable at the time they arose especially for a disfavored class of victims, such

3

as those harmed by commercial bail overcharges, the courts have an obligation to exercise their constitutional role.

The judiciary must remain a neutral forum that ensures equal protection and due process under the law, regardless of whether the right at issue belongs to victims of clergy abuse or victims of illegal bond practices. By refusing to consider Morgan's challenge to Act 54, the majority risks sending a message that the Legislature may retroactively abolish legal remedies without judicial review. This is a failure of constitutional accountability.

The judiciary serves as the final safeguard against arbitrary exercises of power by the legislative and executive branches. That responsibility cannot be diminished through procedural mechanisms that prevent the adjudication of constitutional claims. The constitutional role of the courts requires adjudication where a legislative action allegedly threatens accrued rights.

Courts must remain open to reviewing legislative acts that withdraw vested rights grounded in law, especially where such acts appear to shield private interests at the expense of the individuals the law was intended to protect. Morgan's constitutional claims should be heard.

Accordingly, I would reverse the district court judgment and remand for consideration of the merits of Morgan's constitutional claims.